UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:14-CR-103 |
| | ) | REEVES/GUYTON |
| NAOMI JEAN JUSTICE | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Naomi Jean Justice's *pro se* motion for release from custody [D. 62]. For the reasons that follow, Ms. Justice's motion is **DENIED**.

## I. Background

On June 22, 2016, this Court sentenced Ms. Justice to a term of imprisonment of 180 months, followed by a 15-year supervised release term, for using a pre-pubescent minor to engage in sexually explicit conduct for production of a visual depiction, in violation of 18 U.S.C. §§ 2251(a), (e).

On May 1, 2020, Ms. Justice filed the motion now before the Court. In the motion, Ms. Justice asks the Court to release her to home confinement due to the COVID-19 pandemic, citing her family circumstances, medical circumstances, and good conduct while incarcerated. Ms. Justice does not identify any legal basis for the relief she seeks or provide any evidence to support her factual assertions.

On May 18, 2020, the government responded in opposition, arguing that the Court does not have the authority to grant release. [D. 63]. Specifically, the government argues that 18 U.S.C. § 3582(c)(1)(A) contains exhaustion requirements that, if unmet, present a

jurisdictional barrier to this Court's adjudication of the motion. Alternatively, the government argues that, even if the exhaustion requirement is not jurisdictional, it is a mandatory claim-processing rule that must be enforced. Lastly, the government notes that the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020) confers no authority on courts to order home confinement and directs the Bureau of Prisons to make individual confinement determinations.

## II. Analysis

A district court may only amend a final judgment when Congress has given it authority to do so by statute. *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). Courts are receiving release requests under two distinct statutory "mechanisms" during the current pandemic—the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and what is often referred to as the "compassionate release" framework set forth in 18 U.S.C. § 3582(c)(1)(A). Here, as Ms. Justice has not identified a legal basis for her motion, the Court will review her petition under both mechanisms.

### A. CARES Act

First, Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. *See id.*; *accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.

Although a sentencing court may *recommend* a particular type of prison facility during sentencing, any order, recommendation or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility has no binding effect on the authority of the Bureau of Prisons to determine or change the place of imprisonment. *See* 18 U.S.C. § 3621(b).

Here, Ms. Justice references various family and medical reasons that may or may not warrant home confinement, but, even in the midst of the COVID-19 pandemic, the Bureau of Prisons retains the authority to make that determination. The Attorney General has directed the Director of the Bureau of Prisons to prioritize the use of existing statutory authority to place prisoners in home confinement. *See* Attorney General's March 26, 2020 Directive. The Bureau of Prisons is evaluating its entire population to assess each inmate's vulnerability to COVID-19, whether home confinement would increase that inmate's risk of contracting COVID-19, and whether release to home confinement would risk public safety.

Consequently, because the Court does not have the power to order home confinement under the CARES Act, the Court cannot grant Ms. Justice's request on this basis. Likewise, because the Bureau of Prisons is in the best position to determine the proper placement of inmates taking into account individual considerations based on an inmate's background, medical history, and general considerations about public safety, the Court is not prepared to make a recommendation as to Ms. Justice.

### B. 18 U.S.C. § 3582(c)(1)(A)(i)

Alternatively, 18 U.S.C. § 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." However, 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that defendants may move for what is often called compassionate release only "*after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Here, Ms. Justice has not stated whether she has pursued or exhausted her administrative remedies with the Bureau of Prisons. This Court has previously noted that, even in the midst of the COVID-19 pandemic, the Court cannot disregard the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A), as set forth by Congress. *United States v. Boyd*, No. 3:14-CR-86, 2020 WL 2106023, at *1 (E.D. Tenn. May 1, 2020); *see also United States v. Edwards*, No. 3:13-CR-00012-1, 2020 WL 1987288, at *2 (M.D. Tenn. Apr. 27, 2020) (collecting cases of other Sixth Circuit district courts that have come to the same conclusion).

Consequently, the Court cannot weigh the merits of Ms. Justice's motion under the "compassionate release" framework until the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A)(i) is satisfied.[1]

---

[1] The Court need not address whether the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is a jurisdictional barrier or a mandatory claim-processing rule. In either case, Ms. Justice has not met the requirement, which precludes an adjudication of the merits of her request at this time.

### III. Conclusion

Because the Court does not have the power to order home confinement under the CARES Act and the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) have not been met, Ms. Justice's motion is **DENIED** without prejudice.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**